| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: _____ District of **Nevada** (State) | |
| Case number (*If known*): _____ Chapter **11** | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
Nevada Copper, Inc.

2. **All other names debtor used in the last 8 years**  
Include any assumed names, trade names, and *doing business as* names  
N/A

3. **Debtor's federal Employer Identification Number (EIN)**  
2 0 – 4 6 7 1 1 5 7

4. **Debtor's address**

   **Principal place of business**  
   61 E. Pursel Lane  
   Number    Street  
   P.O. Box 1640  
   Yerington, NV 89447  
   City            State    ZIP Code

   Lyon  
   County

   **Mailing address, if different from principal place of business**  
   _____  
   Number    Street  
   _____  
   P.O. Box  
   _____  
   City            State    ZIP Code

   **Location of principal assets, if different from principal place of business**  
   _____  
   Number    Street  
   _____  
   _____  
   City            State    ZIP Code

5. **Debtor's website (URL)**  
https://nevadacopper.com/

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 1

Debtor  **Nevada Copper, Inc.**  
Name

Case number (*if known*) _____

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))  
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))  
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))  
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))  
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))  
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))  
   ☑ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)  
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)  
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   2  1  2  2

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7  
   ☐ Chapter 9  
   ☑ Chapter 11. *Check all that apply*:

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

Debtor  **Nevada Copper, Inc.**                                    Case number (*if known*)_____
         Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☑ No
   ☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY
   
   If more than 2 cases, attach a separate list.
            District _____  When _____  Case number _____
                                        MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☑ Yes.  Debtor  See attached list._____  Relationship _____
            District _____  When _____
                                                             MM / DD / YYYY
    List all cases. If more than 1, attach a separate list.
            Case number, if known  _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**_____
                                Number      Street
                                _____
                                _____    _____ _____
                                City                             State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name     _____
           Phone            _____

| Statistical and administrative information |

Debtor  **Nevada Copper, Inc.**  Case number (*if known*)_____
         Name

13. **Debtor's estimation of available funds**

    Check one:
    ☐ Funds will be available for distribution to unsecured creditors.
    ☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    ☐ 1-49                ☑ 1,000-5,000         ☐ 25,001-50,000
    ☐ 50-99               ☐ 5,001-10,000        ☐ 50,001-100,000
    ☐ 100-199             ☐ 10,001-25,000       ☐ More than 100,000
    ☐ 200-999

15. **Estimated assets**

    ☐ $0-$50,000              ☐ $1,000,001-$10 million        ☑ $500,000,001-$1 billion
    ☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
    ☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
    ☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

16. **Estimated liabilities**

    ☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
    ☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
    ☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
    ☐ $500,001-$1 million     ☑ $100,000,001-$500 million     ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on  06/09/2024
                 MM  / DD / YYYY

    ✗ _____         Gregory J. Martin
      Signature of authorized representative of debtor   Printed name

      Title  EVP & CFO

Debtor **Nevada Copper, Inc.**
Name

Case number (if known) _____

---

**18. Signature of attorney**

✗ *Ryan J. Works*        Date  06/10/2024
Signature of attorney for debtor                    MM / DD / YYYY

Ryan J. Works
Printed name

McDonald Carano LLP
Firm name

2300 West Sahara Avenue, Suite 1200
Number    Street

Las Vegas      NV      89102
City         State      ZIP Code

(702) 873-4100      rworks@mcdonaldcarano.com
Contact phone        Email address

9224      NV
Bar number      State

Debtor  Nevada Copper, Inc._____  Case number (if known)_____
            Name

## Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

| Debtor | Nevada Copper Corp. | | Relationship to you | Affiliate |
| --- | --- | --- | --- | --- |
| District | **Nevada** | When | Case number, if known | |
| Debtor | NC Farms LLC | | Relationship to you | Affiliate |
| District | **Nevada** | When | Case number, if known | |
| Debtor | NC Ditch Company LLC | | Relationship to you | Affiliate |
| District | **Nevada** | When | Case number, if known | |
| Debtor | Lion Iron Corp. | | Relationship to you | Affiliate |
| District | **Nevada** | When | Case number, if known | |
| Debtor | 0607792 B.C. Ltd. | | Relationship to you | Affiliate |
| District | **Nevada** | When | Case number, if known | |

## SECRETARY'S CERTIFICATE
(Nevada Copper, Inc.)

**Date:** June 9, 2024

This Secretary's Certificate is furnished in connection with that certain meeting of the board of directors (the "Board") of Nevada Copper, Inc., a Nevada corporation (the "Company"), held on June 9, 2024.

The undersigned, Clare Devincenzi, as Corporate Secretary of the Company, hereby certifies as follows:

1. She is the duly elected and acting Corporate Secretary of the Company and, as such, is authorized to execute and deliver this certificate for and on behalf of the Company.

2. A duly noticed meeting of the Board of the Company took place on Sunday, June 9, 2024, at 1:00 p.m. (prevailing Pacific Time) (the "Meeting")

3. A quorum was declared present at the Meeting, based on the presence of a majority of the members of the Board.

4. At the Meeting, the Board considered and adopted several resolutions authorizing that a voluntary chapter 11 bankruptcy petition be filed by the Company, seeking relief under the provisions of chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Resolutions").

5. A true and accurate copy of the Resolutions adopted at the Meeting is attached hereto as **Exhibit 1**, and such resolutions have not been amended, modified, or rescinded and remain in full force and effect as of the date hereof.

I hereby verify that the foregoing and that the attached Resolutions are true and correct. EXECUTED as of the date first written above.

_____
Name: Clare Devincenzi
Title: Corporate Secretary

1

**<u>Exhibit 1</u>**

**Resolutions**

# RESOLUTION OF THE
# BOARD OF DIRECTORS OF
# NEVADA COPPER, INC.

June 9, 2024

**WHEREAS** the members of the board of directors (the "***Board***") of Nevada Copper, Inc., a company existing under the laws of Nevada (the "***Company***"), has determined, after due consideration and deliberation, that it is desirable and in the best interests of the Company, its creditors, and other interested parties that the Company file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

**WHEREAS** the Company, as the sole member and manager (in such capacity, the "***Managing Member***"), of NC Farms LLC and NC Ditch Company LLC, each of which is a limited liability company existing under the laws of Nevada (the "***Subsidiary LLCs***"), has determined, after due consideration and deliberation, that it is desirable and in the best interests of the Subsidiary LLCs, their creditors, and other interested parties that the Subsidiary LLCs file petitions seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

## CHAPTER 11 CASES

**NOW, THEREFORE, BE IT RESOLVED** that the Company be, and hereby is, authorized and empowered to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "***Bankruptcy Court***") and to initiate recognition proceedings under the Companies' Creditors Arrangement Act in Canada to follow the chapter 11 case in the Bankruptcy Court.

**IT IS FURTHER RESOLVED** that the Subsidiary LLCs be, and hereby are, authorized and empowered to file voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

**IT IS FURTHER RESOLVED** that each officer of the Company, on behalf of the Company, and Gregory J. Martin, on behalf of the Company as Managing Member of the Subsidiary LLCs (each, an "***Authorized Officer***" and collectively, the "***Authorized Officers***") be, and each of them individually hereby is, authorized, and in such capacity, acting alone or together, with power of delegation, in the name and on behalf of the Company, to execute and file petitions to commence cases, for the Company and the Subsidiary LLCs, and obtain relief under chapter 11 of the Bankruptcy Code (each case commenced as a result of such voluntary petitions, a "***Chapter 11 Case***" and collectively, with the cases to be commenced by the Company's affiliates, the "***Chapter 11 Cases***"), and to cause such schedules, lists, applications, pleadings, and other motions, papers, agreements, consents, or documents to be filed, and take any and all actions that they deem necessary or proper, to obtain relief from the Bankruptcy Court, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's and the Subsidiary LLCs' businesses.

**IT IS FURTHER RESOLVED** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to authorize or to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers in connection with the commencement of the Chapter 11 Cases, and to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases.

**IT IS FURTHER RESOLVED** that each Authorized Officer be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, including the obligations of the Company, in each case, as a debtor in possession, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Company.

## RETENTION OF PROFESSIONALS

**IT IS FURTHER RESOLVED** that each of the Authorized Officers be, and hereby is, authorized and directed to employ or continue to employ the following firms (the "***Professionals***") to represent and assist the Company and the Subsidiary LLCs in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and the Subsidiary LLCs' rights and obligations in connection with their restructuring or recapitalization: the law firm of Allen Overy Shearman Sterling US LLP, as general bankruptcy counsel; the firm of AlixPartners LLP, as financial and restructuring advisor; the law firm of McDonald Carano LLP, as Nevada bankruptcy counsel; the law firm of Torys LLP, as special Canadian and corporate counsel; the firm of Moelis & Company LLC, as financial advisor and investment banker; and the firm of Epiq Corporate Restructuring, LLC, as notice and claims agent and administrative advisor; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the Professionals.

## DIP FINANCING

**IT IS FURTHER RESOLVED** that, in connection with the commencement of the Chapter 11 Cases and in the sound business judgment of the Board, it is advisable and in the best interests of the Company and the Subsidiary LLCs, their creditors, and other interested parties that the Company and the Subsidiary LLCs, along with their affiliates, obtain the debtor-in-possession financing contemplated by that certain Senior Secured Superpriority Debtor-In-Possession Credit Agreement, dated as of or about the date provided herein, by and among the Company, as Borrower, Nevada Copper Corp., the Subsidiary LLCs and each other subsidiary guarantor from time to time party thereto, as guarantors, U.S. Bank Trust Company, National Association, as Administrative Agent, and the lenders listed on Schedule A thereto (the "***DIP Financing***").

2

**IT IS FURTHER RESOLVED** that each of the Authorized Officers is authorized to take all actions necessary in connection with the DIP Financing, including, without limitation: (i) executing, delivering, and filing (as necessary), the credit agreement, guarantees, security agreements, and related ancillary documents, certificates, instruments and/or related term sheets, and with respect to each of the foregoing, any amendments, supplements, modifications, extensions, and renewals thereto (collectively, the "***DIP Facility Documents***"); (ii) executing, delivering or filing (as necessary) each other agreement, instrument or document to be executed, delivered, or filed (as necessary) in connection with the DIP Financing (collectively with the DIP Facility Documents, the "***DIP Documents***"), in the name and on behalf of the Company and the Subsidiary LLCs; (iii) granting liens on and security interests in any and all assets of the Company and the Subsidiary LLCs, and, as applicable, executing and delivering security agreements (and amendments, supplements, and/or modifications thereto, as appropriate) with respect to real property, personal property (including intellectual property) and any other property to evidence such liens; (iv) authorizing the filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages, or other documents; (v) executing and delivering deposit, securities and other account control agreements (and amendments, supplements and other modifications thereto, as appropriate); and (vi) performing the Company's and Subsidiary LLCs' obligations under the DIP Documents and taking any other actions, and paying all fees, taxes, and other expenses in connection with the foregoing.

**IT IS FURTHER RESOLVED** that the Company be, and it hereby is, authorized to borrow the loans from the lenders pursuant to the DIP Facility Documents, the execution thereof by such officer to be conclusive evidence of such approval and determination.

## GENERAL

**IT IS FURTHER RESOLVED** that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company or the Managing Member, as applicable, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's reasonable discretion, as shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**IT IS FURTHER RESOLVED** that any and all lawful acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company or the Managing Member, as applicable, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company and the Managing Member with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board.

**IT IS FURTHER RESOLVED** that the secretary and any other appropriate officer of the Company are, and each individually hereby is, authorized and empowered to certify and furnish

3

such copies of these resolutions and such statements as to the incumbency of the Company's officers, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof.

**IT IS FURTHER RESOLVED** that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Fill in this information to identify the case:**

Debtor name: Nevada Copper, Inc.

United States Bankruptcy Court for the: District of Nevada

Case number (If known):_____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors the 20 Who Have Unsecured Claims and Are Not Insiders

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Small Mine Development LLC<br>670 E. Riverpark Lane, Suite 100<br>Boise, ID 83706<br>USA | Cody Birch, CPA<br>(p) 208-338-8880<br>(f) 208-338-8881<br>(e) CBirch@undergroundmining.com | Services | Unliquidated | $0 | $0 | $5,549,741 |
| 2 | RAM Enterprises<br>1225 West Main Street<br>Elko, NV 89801<br>USA | Laila Miguel, CFO<br>(p) 775-738-3997 ext. 100<br>(f) 775-738-4226<br>(e) lmiguel@ram-enterprise.com | Services | | $0 | $0 | $3,879,456 |
| 3 | NV Energy<br>6226 W. Sahara Ave.<br>Las Vegas, NV 89146<br>USA | Josia Galliett, Major Acct. Executive<br>(p) 775-834-5742<br>(e) Josia.Galliett@nvenergy.com | Services | | $0 | $0 | $1,501,918 |
| 4 | Lyon County Treasurer<br>27 South Main Street<br>Yerington, NV 89447<br>USA | Josh Foli, Comptroller<br>(p) 775-463-6510<br>(e) jfoli@lyon-county.org | Services | | $0 | $0 | $1,355,115 |
| 5 | Caterpillar Financial SARL<br>2120 West End Ave.<br>Nashville, TN 37203<br>USA | Roman Mebert, Director, Structured Finance<br>(p) +41-043-222-6141<br>(f) +41-043-222-6140 | Services | | $0 | $0 | $1,132,922 |
| 6 | Boart Longyear Company<br>2455 South 3600 West<br>West Valley City, Utah 84119<br>USA | Jen Connor, Contracts Administrator<br>(p) 801-952-8486<br>(e) jennifer.connor@boartlongyear.com | Services | | $0 | $0 | $1,021,713 |
| 7 | Cashman Equipment Company<br>3300 Saint Rose Parkway<br>Henderson, NV, 89052<br>USA | Michele McLean, Credit Mining Rep<br>(p) 775-778-6590<br>(e) michelemclean@cashmanequipment.com | Services | | $0 | $0 | $830,891 |
| 8 | Epiroc Financial Solutions USA LLC<br>7 Campus Drive, Suite 200<br>Parsippany, NJ 7054<br>USA | Nashiba Walker, Contract Manager<br>(p) 972-414-7562<br>(e) nashiba.walker@epiroc.com | Services | | $0 | $0 | $816,473 |
| 9 | Epiroc USA LLC<br>3700 East 68th Avenue<br>Commerce City, CO 80022<br>USA | Cindy Minch, Credit & Collections Mgr.<br>(p) 800-284-2373<br>(e) cindy.minch@epiroc.com | Services | | $0 | $0 | $791,675 |
| 10 | Western Nevada Supply<br>950 S. Rock Blvd<br>Sparks, NV 89431<br>USA | Greg Coppola, Sales<br>(p) 775-223-2849<br>(e) gcoppola@goblueteam.com | Services | | $0 | $0 | $586,670 |
| 11 | FLSmidth<br>Dept. 3238 PO Box 123238<br>Dallas, TX 75312-3238<br>USA | Stacie Reeves, Sales<br>(p) (801) 758-5778<br>(e) stacie.reeves@flsmidth.com | Services | | $0 | $0 | $508,985 |
| 12 | Southwest Energy LLC<br>2040 West Garner Lane<br>Tucson, AZ 85705<br>USA | Jenine Dalrymple, CFO<br>(p) 520-696-9495<br>(e) JDalrymple@swenergy.com | Services | | $0 | $0 | $462,122 |
| 13 | Dumas Contracting USA, Inc.<br>865 Mountjoy South<br>Timmins, ON P4N 7W7<br>CAN | Lola Prela, CFO<br>(p) +1 416-594-4665<br>(e) lprela@dumasmining.com | Services | Disputed | $0 | $0 | $418,661 |
| 14 | Tech-Flow, LLC<br>P.O. Box 219<br>Layton, UT 84041<br>USA | Willie Church, Outside Sales Representative<br>(p) 801-444-9900<br>(e) willie@tech-flow.com | Services | | $0 | $0 | $394,105 |
| 15 | Jennmar Corporation of Utah. Inc.<br>258 Kappa Drive<br>Pittsburgh, Pennsylvania 15238<br>USA | Tony Hruska, Credit Manager<br>(p) 412-963-5423<br>(e) ahruska@jennmar.com | Services | | $0 | $0 | $332,866 |
| 16 | Nevada Cement Co.<br>P.O. Box 840, I-80 @ Exit 46<br>Fernley, NV 89408-0840<br>USA | Jared Kupcak, VP, Operations<br>(p) 775-575-2281<br>(f) 775-575-4387<br>(e) Jkupcak@nevadacement.com | Services | | $0 | $0 | $326,651 |
| 17 | Savage Services Corporation<br>901 West Legacy Center Way<br>Midvale, UT 84047<br>USA | Daniel Price , VP Business Development<br>(p) 219-322-0004<br>(e) danielprice@savageservices.com | Services | | $0 | $0 | $318,482 |
| 18 | Jim Menesini Petroleum Products<br>817 27 Bulk Plant Road<br>Yerington, NV 89447<br>USA | Jim Menesini, Owner<br>(p) 775-530-0009<br>(e) jim.76petroleum@gmail.com | Services | | $0 | $0 | $282,988 |
| 19 | NewField Companies, LLC<br>1349 W. Peachtree St. NW, Ste 1950<br>Atlanta, GA 30309<br>USA | James Sullivan, Sr. Project Manager/Associate<br>(p) 720-508-3300<br>(e) jsullivan@newfields.com | Services | | $0 | $0 | $242,687 |
| 20 | Guy F. Atkinson Construction, LLC<br>7509 Menchaca Rd., Bldg 3, Suite 303<br>Austin, TX 78745<br>USA | Brian Barker, Project Sponsor<br>(p) 240-383-0066<br>(e) brian.barker@atkn.com | Services | | $0 | $0 | $195,722 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Nevada Copper, Inc._____

United States Bankruptcy Court for the: _____   District of __Nevada__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __List of Equity Security Holders, Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/09/2024__      ✗ _____[signature]_____
MM / DD / YYYY                Signature of individual signing on behalf of debtor

Gregory J. Martin
Printed name

EVP & CFO
Position or relationship to debtor

---

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re:<br><br>NEVADA COPPER, INC.<br><br>Debtor. | Case No.: [BK-24-_____-___]<br><br>Chapter 11<br><br>Date: [_____]<br>Time: [_____] |
|---|---|

**LIST OF EQUITY SECURITY HOLDERS**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(3)**

Nevada Copper, Inc. hereby submits, pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following list of equity security holders:

| Name and address of interest holder | Percentage interest |
|---|---|
| **Nevada Copper Corp.**<br>PO Box 10026, Pacific Centre South<br>25th Floor, 700 W Georgia Street<br>Vancouver, BC<br>Canada V7Y 1B3 | 100% |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re: | Case No.: [BK-24-_____-___] |
|---|---|
| NEVADA COPPER, INC. | Chapter 11 |
| Debtor. | Date: [_____]<br>Time: [_____] |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to the Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1 and Local Rule 7007.1 of the Bankruptcy Court for the District of Nevada, Nevada Copper, Inc. (the "**Debtor**") certifies that the following parent corporation directly or indirectly owns 10% or more of any class of the Debtor's equity interests:

- Nevada Copper Corp.