ALLEN OVERY SHEARMAN STERLING US LLP
Fredric Sosnick (New York Bar No. 2472488) (*pro hac* pending)
Sara Coelho (New York Bar No. 4530267) (*pro hac* pending)
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
fsosnick@aoshearman.com
sara.coelho@aoshearman.com

McDONALD CARANO LLP
Ryan J. Works (NSBN 9224)
Amanda M. Perach (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>NEVADA COPPER, INC.,[1]<br><br>Debtor. | *Joint Administration Requested*<br><br>Case No. 24-50566<br>Chapter 11<br><br>Hearing Date:  **OST REQUESTED**<br>Hearing Time:  **OST REQUESTED** |
|---|---|

**MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF DEBTORS' RELATED
CHAPTER 11 CASES UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015(b) AND LOCAL RULE OF BANKRUPTCY PRACTICE 1015**

Nevada Copper, Inc. ("***NCI***") and its affiliates that are debtors and debtors in possession (collectively, the "***Debtors***") in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***"), respectfully represent in support of this motion (the "***Motion***") as follows:

---

[1] The relief requested herein is sought for each of the following Debtors, and joint administration has been requested. The Debtors in these chapter 11 cases and the last four digits of their registration numbers in the jurisdiction in which they are organized are:  Nevada Copper, Inc. (1157) (Nevada); Nevada Copper Corp. (5323) (British Columbia); 0607792 B.C. Ltd. (2524) (British Columbia); Lion Iron Corp. (2904) (Nevada); NC Farms LLC (0264) (Nevada); and NC Ditch Company LLC (4396) (Nevada).

**Relief Requested**

1.      The Debtors request entry of an order in the Chapter 11 Cases, substantially in the form attached hereto as **Exhibit 1** (the "*Order*") directing the joint administration of the Chapter 11 Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015. A substantially similar motion has been filed in each of the above-captioned Chapter 11 Cases.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Jurisdiction and Venue**

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule 1015 of the *Local Rules of Bankruptcy Practice for the United States Bankruptcy Court of the District of Nevada* (the "***Local Rules***").

3.      Pursuant to Local Rule 9014.2, the Debtors consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

4.      On the date hereof (the "***Petition Date***"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court and contemporaneously herewith have requested joint administration of the Chapter 11 Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

5.      The Debtors have been in the business of mining copper, and other minerals, and operating a processing plant that refines copper ore into copper concentrate, with the bulk of the

1  Debtors' operations focused on their Pumpkin Hollow project (the "***Project***"), which is located outside of Yerington, Nevada. The Project, which contains substantial mineral reserves and resources, including not only copper, but gold, silver, and iron magnetite, consists of an underground mine and processing facility, together with an open-pit project that is in the pre-feasibility stage of development. The Debtors, in the period leading up to the commencement of the Chapter 11 Cases operated under significant liquidity constraints. In an effort to conserve liquidity, the Debtors have suspended mining operations and the operation of their processing plant, as they pursue a sale of substantially all of their assets.

6. Additional facts relating to the Debtors' business and capital structure, and the commencement of these Chapter 11 Cases, are set forth in the *Omnibus Declaration of Gregory J. Martin in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "***First Day Declaration***"), which was filed contemporaneously with this Motion and is incorporated herein by reference.[2]

### Basis for Relief

7. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and its affiliates, the court may order joint administration of the estates of the debtor and such affiliates. The Debtors in these proceedings consist of NCI, Nevada Copper Corp. ("***NCU***"), NC Ditch Company LLC, NC Farms LLC, Lion Iron Corp., and 0607792 B.C. Ltd. NCU is the sole parent of NCI, Lion Iron Corp. and 0607792 B.C. Ltd. NCI is the sole managing partner of NC Ditch Company LLC and NC Farms LLC. The Debtors, therefore, are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, the Debtors are also deemed related under Local Rule 1015(b)(6). Consequently, joint administration of these Chapter 11 Cases is appropriate pursuant to Bankruptcy Rule 1015(b).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the First Day Declaration.

4865-3469-3568, v. 4

8. The joint administration of these Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these Chapter 11 Cases will affect all of the Debtors.

9. Joint administration also will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to (i) use a single caption on the numerous documents that will be served and filed herein and (ii) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties-in-interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in each of the related cases. Accordingly, the Debtors respectfully submit that joint administration of these Chapter 11 Cases is in the best interest of the Debtors, their creditors and other parties-in-interest.

10. The rights of the respective creditors of each of the Debtors will not be affected adversely by joint administration of these Chapter 11 Cases. The relief sought herein purely is procedural and in no way is intended to affect substantive rights. Each of the creditors and other parties-in-interest will retain their claims against, and rights with respect to, each relevant Debtor's estate. Moreover, although conflict between the estates is not anticipated, if creditors are later adversely affected by joint administration, the Court can avoid any prejudice to creditors created by joint administration of Debtors' Chapter 11 Cases by limiting joint administration to the extent necessary pursuant to Bankruptcy Rule 1015(c). At this time, however, there is no reason why the Court should not authorize joint administration.

11. Local Rule 1015 contains specific requirements that arise upon the entry of an order approving joint administration. In accordance with Local Rule 1015(h), the Debtors will utilize the case number for the NCI case, which has the lowest number among the Chapter 11 Cases. In addition, in accordance with Local Rule 1015(i), the Debtors will use the following consolidated caption for the jointly administered Chapter 11 Cases:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>☒ NEVADA COPPER, INC.<br>☒ NEVADA COPPER CORP.<br>☒ NC DITCH COMPANY LLC<br>☒ NC FARMS LLC<br>☒ LION IRON CORP.<br>☒ 0607792 B.C. LTD.<br><br>Debtors.³ | Lead Case No.: 24-50566<br>Chapter 11<br><br>Jointly Administered with:<br>Case No. 24-50567<br>Case No. 24-50568<br>Case No. 24-50569<br>Case No. 24-50570<br>Case No. 24-50571 |

In connection with the foregoing, the Debtors also request that the following entry be made on the docket of each Debtor:

> An Order has been entered in this case under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Nevada Copper, Inc., Nevada Copper Corp., NC Ditch Company LLC, NC Farms LLC, Lion Iron Corp., and 0607792 B.C. Ltd. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Nevada Copper, Inc., Case No. 24-50566 and such docket should be consulted for all matters affecting these chapter 11 cases.

**Notice**

12.  Notice of this Motion will be provided to: (i) the Office of the United States Trustee for Region 17; (ii) the 20 largest unsecured creditors of each of the Debtors; (iii) the Internal Revenue Service; (iv) the Office of the United States Attorney for the District of Nevada; (v) counsel to the DIP Lenders, (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Brad Kahn; 2001 K St. NW, Washington, D.C. 20006, Attn: Kate Doorley; and (b) Shea Larsen PC, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea and Bart Larsen; (vi) Milbank LLP, as counsel to KfW IPEX-Bank GmbH as administrative agent under the Debtors' prepetition credit agreement, 55 Hudson Yards, New York, NY 10001, Attn: Tyson Lomazow; (vii) Bennett Jones LLP, as counsel to

---

³ The Debtors in these chapter 11 cases and the last four digits of their registration numbers in the jurisdiction in which they are organized are: Nevada Copper, Inc. (1157) (Nevada); Nevada Copper Corp. (5323) (British Columbia); 0607792 B.C. Ltd. (2524) (British Columbia); Lion Iron Corp. (2904) (Nevada); NC Farms LLC (0264) (Nevada); and NC Ditch Company LLC (4396) (Nevada).

4865-3469-3568, v. 4

Mercuria Investments US, Inc., 3400 One First Canadian Place, P.O. Box 130, Toronto, Ontario M5X 1A4, Canada, Attn: Simon Grant; (viii) White & Case LLP, as counsel to Concord Resources Limited as buyer under the Debtors' prepetition advance payment agreement, 1221 6th Avenue, New York, NY 10020, Attn: Philip Abelson; (ix) Davis, Graham & Stubbs LLP, as counsel to Triple Flag Mining Finance Bermuda Ltd. as purchaser under the Debtors' prepetition purchase and sale agreement, 1550 17th Street, Suite 500, Denver, CO 80202, Attn: Kyler Burgi; (x) Cleary Gottlieb Steen & Hamilton LLP, as counsel to Pala Investments Limited as prepetition lender, 2 London Wall Place, London, EC2Y 5AU, United Kingdom, Attn: Solomon J. Noh; One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer; (xi) Kelley Drye & Warren, LLP, as counsel to the DIP Agent, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: James S. Carr, Esq.; and (xii) any party that is required to receive or has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated this 10th day of June, 2024.

McDONALD CARANO LLP

*/s/ Ryan J. Works*
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

ALLEN OVERY SHEARMAN STERLING US LLP
Fredric Sosnick, Esq. (NYSBN 2472488) (*pro hac* pending)
Sara Coelho, Esq. (NYSBN 4530267) (*pro hac* pending)
599 Lexington Avenue
New York, New York 10022

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>NEVADA COPPER, INC.[1]<br>         Debtor. | Case No.: 24-50566<br>Chapter 11 |
| In re:<br>NEVADA COPPER CORP.<br>         Debtor. | Case No.: 24-50567<br>Chapter 11 |
| In re:<br>NC DITCH COMPANY LLC<br>         Debtor. | Case No.: 24-50568<br>Chapter 11 |
| In re:<br>NC FARMS LLC<br>         Debtor. | Case No.: 24-50569<br>Chapter 11 |
| In re:<br>LION IRON CORP.<br>         Debtor. | Case No.: 24-50570<br>Chapter 11 |
| In re:<br>0607792 B.C. LTD.<br>         Debtor. | Case No.: 24-50571<br>Chapter 11 |
| | **Hearing Date:**<br>**Hearing Time:** |

**ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***"), pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015 authorizing the joint administration of the Debtors' related chapter 11 cases; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing

---

[1] The Debtors in these chapter 11 cases and the last four digits of their registration numbers in the jurisdiction in which they are organized are: Nevada Copper, Inc. (1157) (Nevada); Nevada Copper Corp. (5323) (British Columbia); 0607792 B.C. Ltd. (2524) (British Columbia); Lion Iron Corp. (2904) (Nevada); NC Farms LLC (0264) (Nevada); and NC Ditch Company LLC (4396) (Nevada).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and that this Court may enter a final order consistent with Article III of the United States Constitution; and, under the circumstances, proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015, the above-captioned chapter 11 related cases are consolidated for administrative purposes only and shall be jointly administered by this Court as Case No. 24-50566.

3. The consolidated caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>☒    NEVADA COPPER, INC.<br>☒    NEVADA COPPER CORP.<br>☒    NC DITCH COMPANY LLC<br>☒    NC FARMS LLC<br>☒    LION IRON CORP.<br>☒    0607792 B.C. LTD.<br><br>Debtors.[3] | Lead Case No.: 24-50566<br>Chapter 11<br><br>Jointly Administered with:<br>Case No. 24-50567<br>Case No. 24-50568<br>Case No. 24-50569<br>Case No. 24-50570<br>Case No. 24-50571 |
|---|---|

---

[3] The Debtors in these chapter 11 cases and the last four digits of their registration numbers in the jurisdiction in which they are organized are: Nevada Copper, Inc. (1157) (Nevada); Nevada Copper Corp. (5323) (British Columbia); 0607792 B.C. Ltd. (2524) (British Columbia); Lion Iron Corp. (2904) (Nevada); NC Farms LLC (0264) (Nevada); and NC Ditch Company LLC (4396) (Nevada).

4865-3469-3568, v. 4

4. A docket entry shall be made in each Debtor's chapter 11 case substantially as follows:

> An Order has been entered in this case under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 cases of Nevada Copper, Inc., Nevada Copper Corp. (5323) (British Columbia); NC Ditch Company LLC, NC Farms LLC, Lion Iron Corp., and 0607792 B.C. Ltd.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Nevada Copper, Inc., Case No. [BK-24-_____-___] and such docket should be consulted for all matters affecting these chapter 11 cases.

5. One consolidated docket, one file and one consolidated service list shall be maintained by Nevada Copper, Inc., or its claims agent, and kept by the clerk of the Court in these Chapter 11 Cases.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of these Chapter 11 Cases, or creating any other implication regarding the separateness (or lack of separateness) of the Debtors' estates for any purpose.

7. This Order shall apply to any future filing of any affiliate of the Debtors, *provided*, *however*, that the Debtors shall file a notice with the Court identifying the cases of such affiliates and stating that this Order shall apply to such cases.

8. This Order shall constitute notice of related cases pursuant to Local Rule 1015(a), as it sets forth the title case number and filing date of each related case together with a brief statement of the relationship of the Debtors.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or other Bankruptcy Rules.

11. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**IT IS SO ORDERED.**

In accordance with LR 9021, counsel submitting this **ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES** certifies that the order accurately reflects the court's ruling and that (check one):

☐  The Court has waived the requirement set forth in LR 9021(b)(1).

☐  No party appeared at the hearing or filed an objection to the motion.

☐  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document].

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Prepared and submitted by:

McDONALD CARANO LLP

_____
Ryan J. Works (NSBN 9224)
Amanda M. Perach (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

ALLEN OVERY SHEARMAN STERLING US LLP
Fredric Sosnick (NYSBN 2472488) (*pro hac* pending)
Sara Coelho (NYSBN 4530267) (*pro hac* pending)
599 Lexington Avenue
New York, New York 10022

*Proposed Counsel to the Debtors and Debtors in Possession*