1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

☒    NEVADA COPPER, INC.
☒    NEVADA COPPER CORP.
☒    NC DITCH COMPANY LLC
☒    NC FARMS LLC
☒    LION IRON CORP.
☒    0607792 B.C. LTD.

Debtors.[1]

Lead Case No.:  24-50566-hlb
Chapter 11

Jointly Administered with:
Case No. 24-50567-hlb
Case No. 24-50568-hlb
Case No. 24-50569-hlb
Case No. 24-50570-hlb
Case No. 24-50571-hlb

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Nevada Copper, Inc. ("*NCI*" or the "*Company*"), and its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*"), submit their schedules of assets and liabilities (the "*Schedules*") and statements of financial affairs (the "*Statements*" and, together with the Schedules, the "*Schedules and Statements*") pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On June 10, 2024 (the "*Petition Date*"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Nevada (the "*Bankruptcy Court*").   The Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly under case number 24-50566.  The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited.  While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements.  Accordingly, the Debtors reserve their right to amend and/or supplement their

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their registration numbers in the jurisdiction in which they are organized are:  Nevada Copper, Inc. (1157) (Nevada); Nevada Copper Corp. (5323) (British Columbia); 0607792 B.C. Ltd. (2524) (British Columbia); Lion Iron Corp. (2904) (Nevada); NC Farms LLC (0264) (Nevada); and NC Ditch Company LLC (4396) (Nevada).

Schedules and Statements from time to time as may be necessary or appropriate; but there can be no guarantees that the Debtors will do so.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. Except as expressly required by the Bankruptcy Code, the Debtors and their agents, attorneys, and financial advisors do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages. These *Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## Global Notes and Overview of Methodology

1.  **Reservation of Rights.** The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements, including, without limitation, as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements, and the right to amend the Schedules and Statements in any respect. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and nothing contained in or omitted from these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

2.  **Estimates and Assumptions.** To prepare and file the Schedules and Statements in accordance with the deadline under the *Order (I) Extending the Time to File Schedules and Statements (II) Authorizing the Filing of a Consolidated Creditor Matrix With the Debtors' Chapter 11 Petitions; and (III) Modifying the Requirement to File a Complete List of Equity Holders* [ECF No. 102], management was required to make certain estimates and assumptions that affected the reported amounts of assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

3. **Basis of Presentation**.  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, the Debtors have historically prepared consolidated financial statements.  The majority of the Debtors' operations occur through NCI.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("*GAAP*"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.  It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.

The Schedules and Statements have been signed by Gregory J. Martin, Interim President and Chief Executive Officer for the Company.  In reviewing and signing the Schedules and Statements, Mr. Martin necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Mr. Martin, either directly or indirectly.  Mr. Martin has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

4. **Date of Valuations**.  Except as otherwise noted, all liabilities, cash, inventory and vendor debit balances set forth in the Schedules and Statements are set forth as of the Petition Date.  Unless otherwise noted, all values are stated in United States currency.  The Debtors made a reasonable effort to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the prepetition and postpetition periods and amend the Schedules and Statements accordingly.

5. **Book Value**.  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.  Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset).  The Debtors believe that certain of their assets, including certain owned property and intangibles, may have been significantly impaired by, among other things, the commencement of the Chapter 11 Cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

6.    **Property and Equipment.**  Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.

7.    **Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

8.    **Litigation.**  Certain litigation actions (collectively, the "*Litigation Actions*") reflected as claims against a particular Debtor may relate to any of the other Debtors.  The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

9.    **Application of Vendor Credits.**  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other things, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable, (iii) the applicable vendor provided volume rebates and cash discounts; and (iv) the existence of quantity and/or shipping variances and violations. Certain of these credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not all reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights with respect to such credits and allowances.

10.   **Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.

The Debtors intentionally have not included "non-cash" accruals, *i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court has authorized, but not directed, the Debtors to, among other things, (i) pay certain prepetition wages, salaries, employee benefits, and other obligations to employees, and (ii) make payments to certain vendors.  While the Debtors have made their

best efforts to reflect the claims, by vendor, excluding these various adjustments while including the vendor credits discussed above, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.  Moreover, the Debtors have not attempted to reflect any alleged recoupments rights.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, crossclaims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability, classification or otherwise, or (ii) otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code and the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code.  The Debtors further reserve all rights to challenge the characterization of the structure of any transaction or any right, document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, and to the extent such damage claims exist, the Debtors reserve all rights to contest such claims as asserted.

To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, such claims shall be satisfied and the Debtors also reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, but shall not be obligated to do so.

11.    **Employee Claims.**  The Bankruptcy Court has authorized the Debtors, on an interim basis, to pay certain prepetition wages, salaries, benefits and other obligations to employees following entry of the interim order pursuant to the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Pay Prepetition Employee Wages, Salaries, and Other Compensation, (II) Reimburse Prepetition Business Expenses, (III) Continue Prepetition Employee Benefits Programs, (IV) Make Payments for Which Prepetition Payroll Deductions Have Been Withheld and Pay Certain Employment-Related Taxes, (V) Pay Amounts That Were Awarded Under the Debtors' 2023 Short Term Incentive Program, and (VI) Pay all Costs and Expenses Incident to the Foregoing* [ECF No. 5] (the "***Wages Motion***").  With the exception of any prepetition severance or certain deferred compensation, the Debtors currently expect that many prepetition employee claims for wages, salaries, benefits and other obligations either have been paid or will be paid in the ordinary course of business following the final hearing on the Wages Motion and the Bankruptcy Court's entry of the final order granting such relief.  Notwithstanding the

foregoing, the Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.

12. **Insiders.**  For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code.  Persons listed as "insiders" have been included for informational purposes only, and the inclusion of them in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

13. **Intercompany Items.**  For purposes of the Schedules and Statements, the Debtors have reported unsecured intercompany payables and receivables in Schedules A/B-11 and E/F Part 2, respectively.  To the extent that a Debtor owes an intercompany payable, it is reported on Schedule F as a liability of such Debtor. To the extent that a Debtor has an intercompany receivable, it is reported on Schedule B as an asset of such Debtor.

14. **Executory Contracts**.  The Debtors have not set forth executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including, without limitation, the right to amend, supplement, or otherwise modify Schedule G.

15. **Intellectual Property**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

16. **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been

identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted. The Debtors reserve all of their rights to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

### Specific Disclosures with Respect to Schedules

### Schedule A/B

**Part 2:** Amounts are stated at their net book value as of May 31, 2024. First Insurance is prepaid as of June 9, 2024.

**Part 5:** The Debtors' inventory on the Petition Date includes (i) stockpiled ore, (ii) copper concentrate, and (iii) consumables used in mining and processing activity. The Company had stockpiled ore carried at nil value after the net realizable value adjustment ("***NRV***"). The Company had 293.18 dry metric tons of copper concentrate inventory which was valued at $497,900 after NRV. The detailed listing for consumables inventory at the Petition Date is attached.

The debtors do not purchase "finished goods" inventory, as any such balance derives from purchased copper concentrate considered available for shipment.

**Part 7:** Information technology software is stated at net book value as of May 31, 2024. The Debtors own other furniture, equipment and software, but these assets are fully depreciated and have a book value of $0. Therefore, these assets have been excluded from this schedule.

**Part 8:** The assets included in this Schedule include the processing plant, the underground mine and surface infrastructure at the mine site, and leased and owned mobile equipment, and are stated at their net book value as of May 31, 2024. The processing plant and the underground and surface infrastructure are not yet ready for use as intended by management and are therefore not depreciated. Certain costs capitalized for accounting purposes and impairments recognized in books are not reflected in the schedule.

**Part 9:** The Debtors' included real property owned by the Debtors, and related real property rights, including water rights, but are unable to place a specific value on such property at this time.

**Part 10:** The Debtors do not have a recent valuation for the items listed in Part 10. Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect these items' market value. However, the Debtors have listed patented and unpatented mining claims, including land patents and unpatented lode mining claims.

**Part 11:** This Schedule includes net operating losses and intercompany receivables, with accompanying payables included in Schedule E/F Part 2. The Debtors have not included the various costs of construction that are included in the Debtors' books and records as assets in these Schedules, such as costs for construction that is or was in process for surface infrastructure or underground development.

The Debtors attempted to list known causes of action and other claims. Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not yet completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

### Schedule D

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any transaction or any right, document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

Advanced Payment Facility to Concord Resources Limited does not reflect deliveries of concentrate that were invoiced after petition, subsequently reducing the post-petition balance.

Capital lease balances are included, net of payments, as of May 31, 2024. All secured debt facilities are included with accrued interest as of the Petition Date.

### Schedule E/F

Certain of the claims of state and local taxing authorities set forth in Schedule E ultimately may be deemed to be secured claims pursuant to state or local laws. Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority status, and the listing of any claim on Schedule E/F Part 1 does not constitute an admission that such claim is entitled to priority status pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to the scheduled claims of other Debtors. No claim set forth on Schedule E/F of any Debtor is intended to acknowledge claims of creditors that may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves, including self-insured health insurance plan liabilities. Such amounts are, however, reflected on the Debtors' books and records where required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

As noted above, Schedule E/F Part 1 excludes certain accruals, such as prepetition vacation accruals, bonus accruals and certain non-cash equity-based compensation to insiders.

Schedule E/F Part 2 balances are based on recorded prepetition accounts payable ("*AP*") for each Debtor. AP information was pulled from the Company's accounting system on July 4, 2024, to ensure it had captured all prepetition invoices entered into as of such date. Schedule E/F Part 2 further incorporates goods received not yet invoiced ("*GRNI*") balances as of the Petition Date and additional accruals for incurred liabilities not yet reflected in AP. Vendors with both AP and GRNI balances as of the Petition Date are listed as unliquidated, along with the associated AP balance. Vendors with only GRNI balances as of the Petition Date are listed as unliquidated and at an undetermined amount. Certain AP balances of Debtor Nevada Copper Corp. are translated using CAD to USD spot rates as of the Petition Date. Balances are presented net of available prepaid balances.

Included in Schedule E/F are balances expected to be paid subsequent to entry of final orders pursuant to the Wages Motion and the *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Their Prepetition Insurance Policies, (B) Continue Their Prepetition Surety Bond Program, and (C) Enter Into new Premium Financing Agreements and (II) Granting Related Relief* [ECF No. 8] (the "*Insurance Motion*").

**Item 4**: The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of these Chapter 11 Cases and are not separately listed in Item 4.

**Schedule G**

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including, without limitation, the right to dispute or challenge the characterization or the structure of any right, transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements, and leases listed on Schedule G may have expired or been terminated, or may have been modified, amended or supplemented from time to time by various amendments,

restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, may not be set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sale agreements or secured financings.

Schedule G does not include secured and unsecured debt agreements, intercreditor agreements or intercompany debt agreements. All insurance policies listed in the Insurance Motion are included out of an abundance of caution.

**Schedule H**

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedules E/F or G for the respective Debtors subject to such debt.

To the extent these Global Notes include notes specific to Schedules D through G, such notes also apply to the co-debtors listed in Schedule H.

**Specific Disclosures with Respect to Statements**

**Question 1**: Gross revenue includes unaudited gross revenue from January 1, 2024, to June 9, 2024. Fiscal year gross revenue is based on public financials. Gross revenue excludes accrued interest on intercompany loans.

**Question 2**: Historical non-business revenue includes items such as interest income or gain on trade receivables at fair value.

**Question 3**: Included are interest payments to Concord Resources Limited, per the structure of the offtake agreement in which actual cash disbursement for interest occurs when production targets are not met.

**Question 4**: Certain amounts were converted from CAD to USD using spot rates as of the Petition Date.

**Question 6**: The Debtors have used their best efforts to reflect setoffs made by creditors without permission, that they are aware of. However, there may be instances where such a setoff has occurred without the Debtors' knowledge.

**Question 7**: This Schedule does not include internal employee complaints that have not given rise to litigation or involvement of external regulatory authorities.

The Mine Safety and Health Administration ("*MSHA*") performs routine inspections at the mining site throughout the year. Inspection documents are provided to the Company contemporaneous with any inspection, and the Company then addresses any deficiencies noted or improvements requested.  Only formal MSHA proceedings are included on this Schedule.

**Question 11**:  Payments to Torys LLP are intermingled with non-bankruptcy prepetition services. A total of CAD $925,000 was paid across four prepetition transactions on April 22, 2024, May 10, 2024, May 23, 2024, and June 7, 2024. The full amount is reflected in the Schedule, translated using the CAD to USD spot rate as of June 9, 2024.

**Question 16**:  The Debtors collect personally identifiable information, such as address and contact information, as it pertains to Concord Resources Limited.  The Debtors do not collect Social Security Numbers.

**Questions 22-24**:  The responses to these questions do not include routine investigations or inspections from governmental units concerning compliance with environmental laws.  The responses also do not list routine reports, submissions, communications or proceedings resulting from normal operations, where such reports, submissions, communications or proceedings were made in compliance with regulatory requirements, such as monthly discharge monitoring reports, toxic release inventory submissions and submissions concerning air emissions.

Additionally, the responses to these questions do not include proceedings related to non-environmental laws, such as mining laws, occupational safety and health laws or transportation laws.  The responses also do not include notices issued to previous owners of property now owned by the Debtors.

In some cases, the Debtors may no longer possess relevant records because statutory document retention periods have passed, or records may no longer be complete or reasonably accessible or reviewable. Further, some individuals who may have once possessed responsive information are no longer employed by the Debtors.  For these reasons, it may not be possible to identify and supply all the requested information that is responsive to Questions 22–24.

**Question 26d**:  From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, vendors, debtholders and their legal and financial advisors.  Additionally, the Debtors may be subject to confidentiality obligations. To protect the sale process and comply with any confidentiality restrictions applicable to the Debtors, potential purchasers are not listed in response to this question.

**Question 27**:  Included are inventories associated with year-end financial statement audits and associated net book values.  This Schedule excludes cycle counts, which are routinely performed throughout the fiscal year.

[*End of Global Notes, Schedules and Statements begin on the following page*]

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| **In re** | ) | **Chapter 11** |
|  | ) |  |
| **NEVADA COPPER, INC., et al.** | ) | **Case No. 24-50566** |
|  | ) |  |
| **Debtors.** | ) | **(Jointly Administered)** |
|  | ) |  |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

### Nevada Copper Corp.

### CASE NO. 24-50567

Nevada Copper Corp.                                                                                                    Case Number: 24-50567

# Schedule A/B: Assets - Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts (Identify all)**

| | | | |
|---|---|---|---|
| 3.1  BMO BANK, US | CHECKING | 6728 | $0.00 |
| 3.2  BANK OF MONTREAL, CANADA | CHECKING | 6175 | $42,035.97 |
| 3.3  BANK OF MONTREAL, CANADA | CHECKING | 6458 | $5,838.27 |
| 3.4  BANK OF MONTREAL, CANADA | CHECKING | 0506 | $7,007.04 |

4. **Other cash equivalents (Identify all)**

| | | | |
|---|---|---|---|
| 4.1  BANK OF MONTREAL, CANADA | RESTRICTED CASH DEPOSIT TO SECURE LETTER OF CREDIT | 4097 | $379,500.00 |

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.

   **$434,381.28**

Nevada Copper Corp.                                                                                                    Case Number: 24-50567

## Schedule A/B: Assets - Real and Personal Property

**Part 2:**    Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|
| 7.  **Deposits, including security deposits and utility deposits**<br>Description, including name of holder of deposit | |
| 8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**<br>Description, including name of holder of prepayment | |
| 8.1   DIRECTORS AND OFFICERS LIABILITY INSURANCE - MARSH CANADA LIMITED | $389,936.67 |

9.  **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

**$389,936.67**

Nevada Copper Corp.                                                                                                  Case Number: 24-50567

## Schedule A/B: Assets - Real and Personal Property

**Part 3:**    **Accounts receivable**

10.  **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

| General Description | Face or requested amount | | Doubtful or uncollectable | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11.  **Accounts receivable** | | | | | |
| 11.1  A. 90 DAYS OLD OR LESS: [1] | $33,300,000.00 | - | $0.00 | = | $33,300,000.00 |
| 11.2  B. OVER 90 DAYS OLD: [2] | $85,000,000.00 | - | $0.00 | = | $85,000,000.00 |
| 11.3  B. OVER 90 DAYS OLD: [3] | $30,000,000.00 | - | $0.00 | = | $30,000,000.00 |

12.  **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $148,300,000.00 |
|---|

Nevada Copper Corp.                                                                          Case Number: 24-50567

# Schedule A/B: Assets - Real and Personal Property

### Part 3:    Accounts receivable

**Footnotes - Schedule AB Part 3**

1. Intercompany Loan Receivable III
2. Intercompany Receivable - NCI Loan I
3. Intercompany Receivable - NCI Loan II

# Schedule A/B: Assets - Real and Personal Property

| Part 4: | Investments |
|---------|-------------|

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---------------------|----------------------------------------|-------------------------------------|

14. **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

| | | |
|---|---|---|
| 15.1  607792 BC LTD. (OWNERSHIP 100%) | | UNDETERMINED |
| 15.2  LION IRON CORP. (OWNERSHIP 100%) | | UNDETERMINED |
| 15.3  NEVADA COPPER INC. (OWNERSHIP 100%) | | UNDETERMINED |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

**UNDETERMINED**

Nevada Copper Corp.                                                                    Case Number: 24-50567

# Schedule A/B: Assets - Real and Personal Property

**Part 5:**    Inventory, excluding agriculture assets - detail

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other Inventory or supplies** | | | | |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

☐ No.
☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

Nevada Copper Corp.                                                                                    Case Number: 24-50567

## Schedule A/B: Assets - Real and Personal Property

**Part 6:**    Farming and fishing-related assets (other than titled motor vehicles and land)

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28.  **Crops-either planted or harvested** | | | |
| 29.  **Farm animals** | | | |
| 30.  **Farm machinery and equipment** | | | |
| 31.  **Farm and fishing supplies, chemicals, and feed** | | | |
| 32.  **Other farming and fishing-related property not already listed in Part 6** | | | |

33.  **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 84.

34.  **Is the debtor a member of an agricultural cooperative?**

☐ No.
☐ Yes.

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.
☐ Yes.

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

Nevada Copper Corp.                                                              Case Number: 24-50567

## Schedule A/B: Assets - Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles - detail |
|---------|---------------------------------------------------------------------|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|-------------------------------------|

39. **Office furniture**

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles**

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 84.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

Nevada Copper Corp.                                                                                    Case Number: 24-50567

# Schedule A/B: Assets - Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.

51. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☐ Yes.

52. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

Nevada Copper Corp.                                                                                    Case Number: 24-50567

# Schedule A/B: Assets - Real and Personal Property

| Part 9: | Real property - detail |
|---|---|

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

Nevada Copper Corp.                                                                                    Case Number: 24-50567

# Schedule A/B: Assets - Real and Personal Property

<table>
<tr><td>**Part 10:**</td><td>Intangibles and intellectual property - detail</td></tr>
</table>

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 61.1  NEVADACOPPER.COM | UNDETERMINED | NET BOOK VALUE | UNDETERMINED |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
    Add lines 60 through 65. Copy the total to line 89.

**UNDETERMINED**

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☑ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

Nevada Copper Corp.                                                                                                    Case Number: 24-50567

## Schedule A/B: Assets - Real and Personal Property

**Part 11:**    All other assets

---

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

    ☐ No. Go to Part 12.
    ☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|
|  |  |

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

72.1  NET OPERATING LOSSES                                                                                  UNDETERMINED

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.**
    Add lines 71 through 77. Copy the total to line 90.

                                    **UNDETERMINED**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☑ No.
    ☐ Yes.

Nevada Copper Corp.                                                                                    **Case Number: 24-50567**

# Schedule A/B: Assets - Real and Personal Property

**Part 12:** **Summary**

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $434,381.28 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $389,936.67 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $148,300,000.00 | | |
| 83. Investments. Copy line 17, Part 4. | **UNDETERMINED** | | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0.00 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0.00 | | |
| 88. Real property. Copy line 56, Part 9. | | $0.00 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | **UNDETERMINED** | | |
| 91. Total. Add lines 80 through 90 for each column. | $149,124,317.95 | $0.00 | |

| | |
|---|---|
| 92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.** | **$149,124,317.95**<br>+ UNDETERMINED |

Nevada Copper Corp.

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    **List Creditors Who Have Secured Claims**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **Second A&R Facility (KfW Tranche A-2 Mercuria)** | | | | | | | |
| 2.1 MERCURIA INVESTMENTS US, INC.<br>20 E. GREENWAY PLAZA, SUITE 650<br>HOUSTON, TX 77046<br>ACC NUMBER: 8203 | ☐ | ☑ | ☑ | DATE: VARIOUS DATES<br>LIEN DESCRIPTION: 1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL. | ☑ ☐ ☐ | $12,009,556.83 | UNDETERMINED |
| | | | | Second A&R Facility (KfW Tranche A-2 Mercuria) Total: | | **$12,009,556.83** | **UNDETERMINED** |
| **Second A&R Facility (KfW Tranche A-2 Triple Flag)** | | | | | | | |
| 2.2 TRIPLE FLAG INTERNATIONAL LTD.<br>CUMBERLAND HOUSE, 5TH FLOOR<br>1 VICTORIA STREET<br>HAMILTON, HM 11,<br>BERMUDA M5J 2S1<br>ACC NUMBER: 5007<br><sub>1</sub> | ☐ | ☐ | ☑ | DATE: VARIOUS DATES<br>LIEN DESCRIPTION: 1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL. | ☑ ☐ ☐ | $15,497,745.91 | UNDETERMINED |
| | | | | Second A&R Facility (KfW Tranche A-2 Triple Flag) Total: | | **$15,497,745.91** | **UNDETERMINED** |
| **Second A&R Facility (KfW Tranche A)** | | | | | | | |

Nevada Copper Corp.

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**   List Creditors Who Have Secured Claims

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2.3 | KFW IPEX-BANK GMBH<br>PALMENGARTENSTRASSE 5-9<br>FRANKFURT AM MAIN, 60325<br>GERMANY<br>EMAIL: SILKE.RIECK@KFW.DE<br>ACC NUMBER: 0542 | ☐ | ☐ | ☑ | DATE: VARIOUS DATES<br>LIEN DESCRIPTION: 1L ON ALL ASSETS OF THE<br>COMPANY EXCEPT FOR WCF COLLATERAL AND<br>2L ON WCF COLLATERAL. | ☑ ☐ ☐ | $132,774,829.35 | UNDETERMINED |

Second A&R Facility (KfW Tranche A) Total:  **$132,774,829.35**   **UNDETERMINED**

### Second A&R Facility (KfW Tranche B)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2.4 | KFW IPEX-BANK GMBH<br>PALMENGARTENSTRASSE 5-9<br>FRANKFURT AM MAIN, 60325<br>GERMANY<br>EMAIL: SILKE.RIECK@KFW.DE<br>ACC NUMBER: 7639 | ☐ | ☐ | ☑ | DATE: VARIOUS DATES<br>LIEN DESCRIPTION: 1L ON ALL ASSETS OF THE<br>COMPANY EXCEPT FOR WCF COLLATERAL AND<br>2L ON WCF COLLATERAL. | ☑ ☐ ☐ | $18,686,004.46 | UNDETERMINED |

Second A&R Facility (KfW Tranche B) Total:  **$18,686,004.46**   **UNDETERMINED**

### Second A&R Facility( KfW Tranche A-2 Pala)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2.5 | PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY<br>EMAIL: RBROWN@PALA.COM<br>ACC NUMBER: 2317 | ☐ | ☑ | ☑ | DATE: VARIOUS DATES<br>LIEN DESCRIPTION: 1L ON ALL ASSETS OF THE<br>COMPANY EXCEPT FOR WCF COLLATERAL AND<br>2L ON WCF COLLATERAL. | ☑ ☐ ☐ | $14,808,972.81 | UNDETERMINED |

Second A&R Facility( KfW Tranche A-2 Pala) Total:  **$14,808,972.81**   **UNDETERMINED**

### Standby Letter of Credit

Nevada Copper Corp.

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:** **List Creditors Who Have Secured Claims**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2.6 | BANK OF MONTREAL<br>ATTN: CONROY HUI<br>595 BURRARD STREET<br>CONCOURSE LEVEL<br>VANCOUVER, BC V7X 1L7<br>CANADA<br>ACC NUMBER: NA | ☐ | ☐ | ☐ | DATE: 11/06/2019<br>PROPERTY DESCRIPTION: DEPOSIT HELD AT BANK OF MONTREAL<br>LIEN DESCRIPTION: LETTER OF CREDIT FOR RAILCAR LEASE | ☑ | ☑ | ☐ | $379,500.00 | UNDETERMINED |

| | | |
|---|---|---|
| **Standby Letter of Credit Total:** | **$379,500.00** | **UNDETERMINED** |

### Stream Agreement Deposits

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2.7 | TRIPLE FLAG MINING FINANCE BERMUDA LTD.<br>CLARENDON HOUSE, 2 CHURCH ST<br>HAMILTON,<br>BERMUDA<br>EMAIL:<br>SVANDERKOOY@TRIPLEFLAGPM.COM<br>ACC NUMBER: NA | ☐ | ☐ | ☑ | DATE: VARIOUS DATES<br>LIEN DESCRIPTION: 2L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 3L ON WCF COLLATERAL. | ☑ | ☐ | ☐ | $82,209,562.93 | UNDETERMINED |

| | | |
|---|---|---|
| **Stream Agreement Deposits Total:** | **$82,209,562.93** | **UNDETERMINED** |

### Third A&R Loan Facility

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2.8 | PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY<br>EMAIL: RBROWN@PALA.COM<br>ACC NUMBER: NA | ☐ | ☑ | ☑ | DATE: VARIOUS DATES<br>LIEN DESCRIPTION: 4L ON ALL ASSETS INCLUDING WCF COLLATERAL. | ☑ | ☐ | ☐ | $10,607,372.83 | UNDETERMINED |

| | | |
|---|---|---|
| **Third A&R Loan Facility Total:** | **$10,607,372.83** | **UNDETERMINED** |

### Other

Nevada Copper Corp.

## Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:** List Creditors Who Have Secured Claims

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.9 | BANK OF MONTREAL/BANQUE DE MONTREAL<br>250 YONGE ST, 9TH FL<br>TORONTO, ON M5B 2L7<br>CANADA<br>ACC NUMBER: NA | ☐ | ☐ | ☐ | PROPERTY DESCRIPTION: ASSERTED LIENS IN CERTAIN PERSONAL PROPERTY<br>LIEN DESCRIPTION: UCC LIEN | ☑ | ☑ | ☑ | UNKNOWN | UNDETERMINED |
| 2.10 | BANK OF MONTREAL/BANQUE DE MONTREAL<br>100 KING ST W<br>1 FIRST CANADIAN PL, 9TH FL<br>TORONTO, ON M5X 1A9<br>CANADA<br>ACC NUMBER: NA | ☐ | ☐ | ☐ | PROPERTY DESCRIPTION: ASSERTED LIENS IN CERTAIN PERSONAL PROPERTY<br>LIEN DESCRIPTION: UCC LIEN | ☑ | ☑ | ☑ | UNKNOWN | UNDETERMINED |
| 2.11 | TRISURA GUARANTEE INSURANCE COMPANY<br>1610-333 BAY ST<br>BOX 22<br>TORONTO, ON M5H 2R2<br>CANADA<br>ACC NUMBER: NA | ☐ | ☐ | ☐ | PROPERTY DESCRIPTION: ASSERTED LIENS IN CERTAIN PERSONAL PROPERTY<br>LIEN DESCRIPTION: UCC LIEN | ☑ | ☑ | ☑ | UNKNOWN | UNDETERMINED |

**Other Total:  UNDETERMINED      UNDETERMINED**

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**      **$286,973,545.12** + UNDETERMINED

## Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    **List Creditors Who Have Secured Claims**

---

**Footnotes - Schedule D Part 1**

1. The first Tranche A-2 Funding was provided by Triple Flag International Ltd., but subsequently assigned to its affiliate, TF R&S Canada Ltd.

## Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:**  List Others to Be Notified for a Debt Already Listed in Part 1

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| 4.1  MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163 | 2.3 | |
| 4.2  MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163 | 2.4 | |
| 4.3  MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163 | 2.5 | |
| 4.4  MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163 | 2.1 | |
| 4.5  MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163 | 2.2 | |
| 4.6  CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ATTN: SOLOMON J. NOH<br>2 LONDON WALL PLACE<br>LONDON, EC2Y 5AU<br>UNITED KINGDOM | 2.5 | |
| 4.7  CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ATTN: SOLOMON J. NOH<br>2 LONDON WALL PLACE<br>LONDON, EC2Y 5AU<br>UNITED KINGDOM | 2.8 | |
| 4.8  BENNETT JONES LLP<br>ATTN: SIMON GRANT<br>3400 ONE FIRST CANADIAN PL, PO BOX 130<br>TORONTO, ON M5X 1A4<br>CANADA | 2.1 | |
| 4.9  DAVIS, GRAHAM & STUBBS LLP<br>ATTN: KYLER BURGI<br>FINANCE BERMUDA LTD.<br>1550 17TH ST, STE 500, ATTN KYLER BURGI<br>DENVER, CO 80202 | 2.2 | |

Nevada Copper Corp.    Case Number: 24-50567

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

4.10  DAVIS, GRAHAM & STUBBS LLP                2.7
      ATTN: KYLER BURGI
      FINANCE BERMUDA LTD.
      1550 17TH ST, STE 500, ATTN KYLER BURGI
      DENVER, CO 80202

Nevada Copper Corp.                                                                              Case Number: 24-50567

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

2. **Total: All Creditors with PRIORITY Unsecured Claims**

Nevada Copper Corp.                                                                                      Case Number: 24-50567

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 3.1 CANADA REVENUE AGENCY<br>PO BOX 3800 STN A<br>SUDBURY, ON P3A 0C3<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | UNDETERMINED |
| 3.2 COMPUTERSHARE<br>100 UNIVERSITY AVE., 11TH FLOOR<br>TORONTO, ON M5J 2Y1<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | $1,579.67 |
| 3.3 DMI DIGITAL MEDIA INNOVATIONS<br>CANADA, INC<br>P.O. BOX 60171 RPO FRASER<br>VANCOUVER, BC V5W 4B5<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | $5,004.08 |
| 3.4 DONNELLEY FINANCIAL<br>SOLUTIONS CORP<br>220 BAY STREET, SUITE 200<br>TORONTO, ON M5J 2W4<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☑ | ☐ | TRADE PAYABLES | ☐ | UNDETERMINED |
| 3.5 ELEVATE FINANCIAL GROUP<br>372 EAST 8TH AVENUE<br>VANCOUVER, BC V5T 1S4<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | $5,000.00 |
| 3.6 FIRST INSURANCE FUNDING<br>120 BREMNER BOULEVARD, SUITE 800<br>TORONTO, ON M5J 0A8<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☑ | ☐ | TRADE PAYABLES | ☐ | UNDETERMINED |
| 3.7 HANNAM INVESTMENTS<br>3RD FLOOR, 7-10 CHANDOS STREET<br>LONDON, W1G 9DQ<br>UNITED KINGDOM | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☐ | ☐ | PROMISSORY NOTE | ☐ | $516,233.00 |
| 3.8 HUGESSEN CONSULTING<br>3200 ROYAL BANK PLAZA, SOUTH TOWER<br>TORONTO, ON M5J2J4<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | $12,969.62 |
| 3.9 MCINNES COOPER<br>1969 UPPER WATER ST<br>HALIFAX, NS B3J2V1<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT<br>AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | $3,547.17 |

Nevada Copper Corp.                                                                                    Case Number: 24-50567

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    List All Creditors with NONPRIORITY Unsecured Claims

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3.10 | MERCURIA INVESTMENTS US, INC.<br>20 E. GREENWAY PLAZA, SUITE 650<br>HOUSTON, TX 77046 | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | DEFERRED FUNDING FACILITY LOANS | ☐ | $10,973,394.64 |
| 3.11 | NIU INVEST SE<br>JOACHIMSTHALER STR. 24<br>BERLIN, 10719<br>GERMANY | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | PROMISSORY NOTE | ☐ | $501,849.00 |
| 3.12 | PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | DEFERRED FUNDING FACILITY LOANS | ☐ | $60,386,041.60 |
| 3.13 | PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | UNSECURED FUNDING | ☐ | $5,454,038.00 |
| 3.14 | PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☐ | UNSECURED FUNDING | ☐ | $2,247,631.22 |
| 3.15 | PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☑ | ☐ | ☐ | TRADE PAYABLES | ☐ | $16,750.76 |
| 3.16 | PROACTIVE INVESTORS NORTH AMERICAN INC<br>SUITE 1130 - 1090 WEST GEORGIA ST.<br>VANCOUVER, BC V6E 3V7<br>CANADA | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | $1,365.64 |
| 3.17 | TRIPLE FLAG INTERNATIONAL LTD.<br>CUMBERLAND HOUSE, 5TH FLOOR, 1 VICTORIA STREET<br>HAMILTON, HM 11,<br>BERMUDA M5J 2S1 | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | UNSECURED FUNDING | ☐ | $5,043,203.00 |
| 3.18 | WORKIVA INC.<br>2900 UNIVERSITY BLVD<br>AMES, IA 50010 | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | TRADE PAYABLES | ☐ | $59,615.47 |

3.   **Total: All Creditors with NONPRIORITY Unsecured Claims**            $85,228,222.88 + UNDETERMINED

Nevada Copper Corp.                                                                    Case Number: 24-50567

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:** List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|---|---|---|
| 4.1 PALA INVESTMENTS LIMITED<br>ATTN: SHANE ATTERSLEY, GENERAL COUNSEL<br>GOTTHARDSTRASSE 26<br>ZUG, 6300<br>SWITZERLAND<br>1 | 3.10 | |
| 4.2 MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163<br>2 | 3.9 | |
| 4.3 BENNETT JONES LLP<br>ATTN: SIMON GRANT<br>3400 ONE FIRST CANADIAN PL, PO BOX 130<br>TORONTO, ON M5X 1A4<br>CANADA<br>3 | 3.9 | |
| 4.4 MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163<br>4 | 3.11 | |
| 4.5 MILBANK LLP<br>ATTN: TYSON LOMAZOW<br>55 HUDSON YARDS<br>NEW YORK, NY 10001-2163<br>5 | 3.12 | |
| 4.6 CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ATTN: SOLOMON J. NOH<br>2 LONDON WALL PLACE<br>LONDON, EC2Y 5AU<br>UNITED KINGDOM<br>6 | 3.11 | |
| 4.7 CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ATTN: SOLOMON J. NOH<br>2 LONDON WALL PLACE<br>LONDON, EC2Y 5AU<br>UNITED KINGDOM<br>7 | 3.12 | |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**    List Others to Be Notified About Unsecured Claims

4.8  MILBANK LLP                                        3.16
     ATTN: TYSON LOMAZOW
     55 HUDSON YARDS
     NEW YORK, NY 10001-2163

     8

4.9  DAVIS, GRAHAM & STUBBS LLP                         3.16
     ATTN: KYLER BURGI
     FINANCE BERMUDA LTD.
     1550 17TH ST, STE 500, ATTN KYLER BURGI
     DENVER, CO 80202

     9

Nevada Copper Corp.

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

**Footnotes - Schedule EF Part 3**

1. NIU Promissory Note
2. Mercuria Deferred Funding Facility
3. Mercuria Deferred Funding Facility
4. Pala Deferred Funding Facility
5. Pala Unsecured Funding
6. Pala Deferred Funding Facility
7. Pala Unsecured Funding
8. Triple Flag Unsecured Funding
9. Triple Flag Unsecured Funding

Nevada Copper Corp.                                                                    **Case Number: 24-50567**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  **Add the amounts of priority and nonpriority unsecured claims.**

5a. **Total claims from Part 1**                                                     $0.00

5b. **Total claims from Part 2**                                              $85,228,222.88

5c. **Total of Parts 1 and 2**                                               $85,228,222.88
    Lines 5a + 5b = 5c.

Nevada Copper Corp.

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.1  02/04/2024 PROPERTY LIABILITY (#086683360 / MP24-0003) | 02/04/2025 | | ☐ | AIG SPECIALTY INSURANCE CO | 120 BREMNER BOULEVARD SUITE 2200<br>TORONTO, ON M5J-0A8<br>CANADA |
| 2.2  05/16/2022 EMPLOYMENT AGREEMENT | | | ☐ | ALPESH SURATI | 5957, 152 STREET, UNIT 43<br>SURREY, BC V3S 3K4<br>CANADA |
| 2.3  10/22/2019 PLEDGE OF INSTRUMENT AND ASSIGNMENT OF PROCEEDS | | | ☐ | BANK OF MONTREAL | ATTN: CONROY HUI<br>VANCOUVER, BC V7X 1L7<br>CANADA |
| 2.4  10/17/2023 MARKETING ENGAGEMENT | | | ☐ | CITIGROUP GLOBAL MARKETS INC. | 388 GREENWICH STREET<br>NEW YORK, NY 10013 |
| 2.5  04/11/2024 D&O SIDE A DIC 3RD EXC POLICY (#MEX665433758) | 04/11/2025 | | ☐ | CNA CANADA | 66 WELLINGTON STREET WEST, SUITE 3700<br>TORONTO, ON M5K 1J5<br>CANADA |
| 2.6  11/21/2022 EXECUTIVE EMPLOYMENT AGREEMENT | | | ☐ | GREG MARTIN | 2576 WEST 19TH AVE<br>VANCOUVER, BC V6L 1C7<br>CANADA |

Nevada Copper Corp.                                                                                              Case Number: 24-50567

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| | | | | |
|---|---|---|---|---|
| 2.7  02/04/2024 MARINE CARGO INSURANCE (#MAR19/0057) | 02/04/2025 | ☐ | MARSH CANADA LIMITED | 120 BREMNER BOULEVARD SUITE 800<br>TORONTO, ON M5J 0A8<br>CANADA |
| 2.8  02/07/2024 2023 TAX COMPLIANCE SERVICES AGREEMENT | | ☐ | PRICEWATERHOUSE COOPERS LLP | SUTIE 1400 250 HOWE STREET<br>VANCOUVER, BC V6C 3S7<br>CANADA |
| 2.9  11/14/2019 GUARANTY | | ☐ | SAVAGE SERVICES CORPORATION | 901 WEST LEGACY CENTER WAY<br>MIDVALE, UT 84047 |
| 2.10  04/11/2024 D&O PRIMARY POLICY (#8622626) | 04/11/2025 | ☐ | ZURICH INSURANCE COMPANY LTD | 200 GRANVILLE STREET, SUITE 2300<br>VANCOUVER, BC V6C 1S4<br>CANADA |
| 2.11  04/11/2024 D&O SIDE A DIC 2ND EXC POLICY (#8617331-04) | 04/11/2025 | ☐ | ZURICH INSURANCE COMPANY LTD | FIRST CANADIAN PLACE<br>TORONTO, ON M5X 1C9<br>CANADA |

**Total number of contracts**                                                                                                    | 11 |

Nevada Copper Corp.                                                                          Case Number: 24-50567

# Schedule H: Codebtors

**Part 1:**

1. **Does the debtor have any codebtors?**
   - ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   - ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|

### Hannam Investments

| | | |
|---|---|---|
| 2.1  PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY<br><br>**UNSECURED** | HANNAM & PARTNERS | ☐ ☑ ☐ |

### NIU Invest SE

| | | |
|---|---|---|
| 2.2  PALA INVESTMENTS LIMITED<br>12 CASTLE STREET<br>ST. HELIER, JE2 3RT<br>JERSEY<br><br>**UNSECURED** | NIU INVEST SE | ☐ ☑ ☐ |

### Second A&R Facility (KfW Tranche A-2 Mercuria)

| | | |
|---|---|---|
| 2.3  NEVADA COPPER, INC.<br>61 E. PURSEL LANE<br>P.O. BOX 1640<br>YERINGTON, NV 89447<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | MERCURIA INVESTMENTS US, INC. | ☑ ☐ ☐ |
| 2.4  NC DITCH COMPANY LLC<br>61 E. PURSEL LANE<br>P.O. BOX 1640<br>YERINGTON, NV 89447<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | MERCURIA INVESTMENTS US, INC. | ☑ ☐ ☐ |
| 2.5  NC FARMS LLC<br>61 E. PURSEL LANE<br>YERINGTON, NV 89447<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | MERCURIA INVESTMENTS US, INC. | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

---

2.6  LION IRON CORP.                          MERCURIA INVESTMENTS US, INC.        ☑  ☐  ☐
     61 E. PURSEL LANE
     YERINGTON, NV 89447

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR
WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

2.7  0607792 B. C. LTD.                        MERCURIA INVESTMENTS US, INC.        ☑  ☐  ☐
     P.O. BOX 10026, PACIFIC CENTRE SOUTH
     25TH FLOOR, 700 W. GEORGIA STREET
     VANCOUVER, BC V7Y 1B3
     CANADA

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR
WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

### Second A&R Facility (KfW Tranche A-2 Triple Flag)

2.8  NEVADA COPPER, INC.                       TRIPLE FLAG INTERNATIONAL LTD.       ☑  ☐  ☐
     61 E. PURSEL LANE
     P.O. BOX 1640
     YERINGTON, NV 89447
     1

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR
WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

2.9  NC DITCH COMPANY LLC                       TRIPLE FLAG INTERNATIONAL LTD.       ☑  ☐  ☐
     61 E. PURSEL LANE
     P.O. BOX 1640
     YERINGTON, NV 89447
     2

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR
WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

2.10 NC FARMS LLC                               TRIPLE FLAG INTERNATIONAL LTD.       ☑  ☐  ☐
     61 E. PURSEL LANE
     YERINGTON, NV 89447
     3

**1L ON ALL ASSETS OF THE COMPANY EXCEPT
FOR WCF COLLATERAL AND 2L ON WCF
COLLATERAL.**

2.11 LION IRON CORP.                            TRIPLE FLAG INTERNATIONAL LTD.       ☑  ☐  ☐
     61 E. PURSEL LANE
     YERINGTON, NV 89447
     4

**1L ON ALL ASSETS OF THE COMPANY EXCEPT
FOR WCF COLLATERAL AND 2L ON WCF
COLLATERAL.**

# Schedule H: Codebtors

**Part 1:**

---

2.12   0607792 B. C. LTD.
P.O. BOX 10026, PACIFIC CENTRE SOUTH
25TH FLOOR, 700 W. GEORGIA STREET
VANCOUVER, BC V7Y 1B3
CANADA
5

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

TRIPLE FLAG INTERNATIONAL LTD.            ☑ ☐ ☐

## Second A&R Facility (KfW Tranche A)

2.13   NEVADA COPPER, INC.
61 E. PURSEL LANE
P.O. BOX 1640
YERINGTON, NV 89447

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

KFW IPEX-BANK GMBH            ☑ ☐ ☐

2.14   NC DITCH COMPANY LLC
61 E. PURSEL LANE
P.O. BOX 1640
YERINGTON, NV 89447

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

KFW IPEX-BANK GMBH            ☑ ☐ ☐

2.15   NC FARMS LLC
61 E. PURSEL LANE
YERINGTON, NV 89447

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

KFW IPEX-BANK GMBH            ☑ ☐ ☐

2.16   LION IRON CORP.
61 E. PURSEL LANE
YERINGTON, NV 89447

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

KFW IPEX-BANK GMBH            ☑ ☐ ☐

2.17   0607792 B. C. LTD.
P.O. BOX 10026, PACIFIC CENTRE SOUTH
25TH FLOOR, 700 W. GEORGIA STREET
VANCOUVER, BC V7Y 1B3
CANADA

**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.**

KFW IPEX-BANK GMBH            ☑ ☐ ☐

## Second A&R Facility( KfW Tranche A-2 Pala)

# Schedule H: Codebtors

**Part 1:**

| | | | |
|---|---|---|---|
| 2.18 | NEVADA COPPER, INC.<br>61 E. PURSEL LANE<br>P.O. BOX 1640<br>YERINGTON, NV 89447<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | PALA INVESTMENTS LIMITED | ☑ ☐ ☐ |
| 2.19 | NC DITCH COMPANY LLC<br>61 E. PURSEL LANE<br>P.O. BOX 1640<br>YERINGTON, NV 89447<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | PALA INVESTMENTS LIMITED | ☑ ☐ ☐ |
| 2.20 | NC FARMS LLC<br>61 E. PURSEL LANE<br>YERINGTON, NV 89447<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | PALA INVESTMENTS LIMITED | ☑ ☐ ☐ |
| 2.21 | LION IRON CORP.<br>61 E. PURSEL LANE<br>YERINGTON, NV 89447<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | PALA INVESTMENTS LIMITED | ☑ ☐ ☐ |
| 2.22 | 0607792 B. C. LTD.<br>P.O. BOX 10026, PACIFIC CENTRE SOUTH<br>25TH FLOOR, 700 W. GEORGIA STREET<br>VANCOUVER, BC V7Y 1B3<br>CANADA<br><br>**1L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 2L ON WCF COLLATERAL.** | PALA INVESTMENTS LIMITED | ☑ ☐ ☐ |

**Stream Agreement Deposits**

| | | | |
|---|---|---|---|
| 2.23 | NEVADA COPPER, INC.<br>61 E. PURSEL LANE<br>P.O. BOX 1640<br>YERINGTON, NV 89447<br><br>**2L ON ALL ASSETS OF THE COMPANY EXCEPT FOR WCF COLLATERAL AND 3L ON WCF COLLATERAL.** | TRIPLE FLAG MINING FINANCE BERMUDA LTD. | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

---

2.24  NC DITCH COMPANY LLC
      61 E. PURSEL LANE
      P.O. BOX 1640
      YERINGTON, NV 89447

      **2L ON ALL ASSETS OF THE COMPANY EXCEPT
      FOR WCF COLLATERAL AND 3L ON WCF
      COLLATERAL.**

TRIPLE FLAG MINING FINANCE BERMUDA LTD.        ☑  ☐  ☐

2.25  NC FARMS LLC
      61 E. PURSEL LANE
      YERINGTON, NV 89447

      **2L ON ALL ASSETS OF THE COMPANY EXCEPT
      FOR WCF COLLATERAL AND 3L ON WCF
      COLLATERAL.**

TRIPLE FLAG MINING FINANCE BERMUDA LTD.        ☑  ☐  ☐

2.26  LION IRON CORP.
      61 E. PURSEL LANE
      YERINGTON, NV 89447

      **2L ON ALL ASSETS OF THE COMPANY EXCEPT
      FOR WCF COLLATERAL AND 3L ON WCF
      COLLATERAL.**

TRIPLE FLAG MINING FINANCE BERMUDA LTD.        ☑  ☐  ☐

2.27  0607792 B. C. LTD.
      P.O. BOX 10026, PACIFIC CENTRE SOUTH
      25TH FLOOR, 700 W. GEORGIA STREET
      VANCOUVER, BC V7Y 1B3
      CANADA

      **2L ON ALL ASSETS OF THE COMPANY EXCEPT
      FOR WCF COLLATERAL AND 3L ON WCF
      COLLATERAL.**

TRIPLE FLAG MINING FINANCE BERMUDA LTD.        ☑  ☐  ☐

**Third A&R Loan Facility**

2.28  NEVADA COPPER, INC.
      61 E. PURSEL LANE
      P.O. BOX 1640
      YERINGTON, NV 89447

      **4L ON ALL ASSETS INCLUDING WCF
      COLLATERAL.**

PALA INVESTMENTS LIMITED                       ☑  ☐  ☐

2.29  NC DITCH COMPANY LLC
      61 E. PURSEL LANE
      P.O. BOX 1640
      YERINGTON, NV 89447

      **4L ON ALL ASSETS INCLUDING WCF
      COLLATERAL.**

PALA INVESTMENTS LIMITED                       ☑  ☐  ☐

2.30  NC FARMS LLC
      61 E. PURSEL LANE
      YERINGTON, NV 89447

      **4L ON ALL ASSETS INCLUDING WCF
      COLLATERAL.**

PALA INVESTMENTS LIMITED                       ☑  ☐  ☐

Nevada Copper Corp.                                                                    Case Number: 24-50567

## Schedule H: Codebtors

**Part 1:**

| | | | | | |
|---|---|---|---|---|---|
| 2.31 | LION IRON CORP.<br>61 E. PURSEL LANE<br>YERINGTON, NV 89447<br><br>**4L ON ALL ASSETS INCLUDING WCF COLLATERAL.** | PALA INVESTMENTS LIMITED | ☑ | ☐ | ☐ |
| 2.32 | 0607792 B. C. LTD.<br>P.O. BOX 10026, PACIFIC CENTRE SOUTH<br>25TH FLOOR, 700 W. GEORGIA STREET<br>VANCOUVER, BC V7Y 1B3<br>CANADA<br><br>**4L ON ALL ASSETS INCLUDING WCF COLLATERAL.** | PALA INVESTMENTS LIMITED | ☑ | ☐ | ☐ |

**Total Number of Co-Debtor / Creditor Rows**                                    **32**

Nevada Copper Corp.                                                                                    Case Number: 24-50567

## Schedule H: Codebtors

**Part 1:**

**Footnotes - Schedule H**

1. The first Tranche A-2 Funding was provided by Triple Flag International Ltd., but subsequently assigned to its affiliate, TF R&S Canada Ltd.

2. The first Tranche A-2 Funding was provided by Triple Flag International Ltd., but subsequently assigned to its affiliate, TF R&S Canada Ltd.

3. The first Tranche A-2 Funding was provided by Triple Flag International Ltd., but subsequently assigned to its affiliate, TF R&S Canada Ltd.

4. The first Tranche A-2 Funding was provided by Triple Flag International Ltd., but subsequently assigned to its affiliate, TF R&S Canada Ltd.

5. The first Tranche A-2 Funding was provided by Triple Flag International Ltd., but subsequently assigned to its affiliate, TF R&S Canada Ltd.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Nevada Copper Corp. |
| United States Bankruptcy Court for the: | IN THE DISTRICT OF NEVADA |
| Case Number (if known): | 24-50567 |

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

**$0.00**

1b. **Total personal property:**
Copy line 91A from Schedule A/B

**$149,124,317.95**
+ UNDETERMINED

1c. **Total of all property:**
Copy line 92 from Schedule A/B

**$149,124,317.95**
+ UNDETERMINED

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**$286,973,545.12**

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

**$0.00**

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

**$85,228,222.88**
+ UNDETERMINED

4. **Total liabilities**
Lines 2 + 3a + 3b

**$372,201,767.99**
+ UNDETERMINED

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Nevada Copper Corp. |
| United States Bankruptcy Court for the: | IN THE DISTRICT OF NEVADA |
| Case Number (if known): | 24-50567 |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** _____

**Signature:** /s/ _____      _____

**Name and Title**